Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                               1:20-cv-10937

| | |
|---|---|
| Richard Alonzo, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| William Grant & Sons, Inc., | |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. William Grant & Sons, Inc. ("defendant") imports Flor de Caña rum ("Product") made by Compañía Licorera de Nicaragua, from Nicaragua.

2. The relevant front label representations include "Tradition," "Artisanal," "18," "Slow Aged" and "Single Estate Rum."





3. Rum is a distilled spirit made from mature sugar cane.

4. The past decade has seen the emergence of a market for "super-premium" rums, in a similar way which occurred for other alcoholic beverages like vodka, whiskey, bourbon and tequila.

5. Many factors affect the quality and consumer acceptance of rum, perhaps none more significant than its maturity.

6. When first distilled, rum lacks the complex flavor and a golden amber color.

7. Most rum, and especially premium rums, are aged before being bottled, since this mellows and improves its taste.

8. Rum is typically aged in barrels previously used for whiskey or bourbon, and highly charred new barrels.

9. The aging process causes the rum to develop a natural amber color from absorbing natural tannins in the wood.

10. The alcohol in the rum brings out the esters from the barrels, which result in an infusion of spiciness and oak tones, which become more pronounced with age.

11. Because the amount of time a rum is aged impacts its quality, there is a strong interest in truthfully stating the age of product.

12. Statements of age are required to be based on the age of the youngest spirit, even when the final product has been blended with older spirits.

13. Though rum is not required to state its age, if it does, it is required to be truthful and not misleading.

14. The age of rum "may be understated but shall not be overstated." 27 C.F.R. § 5.40(e)(1).

15. Federal regulations require that "If age is stated, it shall be substantially as follows: '__ years old'; the blank to be filled in with the age of the youngest distilled spirits in the product." *See* 27 CFR § 5.40(b).

16. Blending rums of different ages without telling purchasers is deceptive because consumers have come to expect that prominent numbers on the front labels of spirits refers to the age of the youngest spirit used.

17. The Product's statement of "18" above "Slow Aged" does not technically qualify as a "statement of age" because it does not comply with 27 CFR § 5.40(b) and specifically state "18 years old."

18. However, use of the large font "18" above "Slow Aged," coupled with the other statements, gives consumers a misleading impression as to the age of the Product.[1]

19. Upon information and belief, the Product's youngest rum is not 18 years old.

20. In fact, the Product is a mix of younger and older rums, purportedly with an "average" age of 18 years old.

21. This explanation is not provided to consumers and even if it was, it would be insufficient to correct the misleading impression created by the "18 – Slow Aged" representation.

22. In addition to the regulations in this country requiring truthful age statements referring to the youngest rum used, this standard is also adhered to by the preeminent trade group of rum producing nations – the West Indies Rum and Spirits Producers' Association Inc. ("WIRSPA").

23. WIRSPA has stated "Any statement regarding the age of an Authentic Caribbean Rum will therefore refer solely to the age of the youngest rum in the blend….For example, a bottle

---

[1] Rum's misleading age statements and other lies

of Authentic Caribbean Rum with '8 years old' written on the label may well contain a proportion of rum which is much older, but none will have been matured for a moment less than eight years."[2]

24. The representation of "18 – Slow Aged" is a statement that, "irrespective of falsity, directly, or by ambiguity, omission, or inference, or by the addition of irrelevant, scientific or technical matter, tends to create a misleading impression." 27 C.F.R. § 5.42(a)(1).

25. Consumers are entitled to transparent and unambiguous statements describing a product's attributes.

26. The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

27. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

28. The Product is sold for a price premium compared to other similar products, no less than $55.99 for 750 mL, higher than it would otherwise be sold for absent the misleading representations.

Jurisdiction and Venue

29. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

30. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

31. Plaintiff Richard Alonzo is a citizen of New York.

---

[2] Ageing Rum, WIRSPA.

5

32. Defendant William Grant & Sons, Inc. is a New Jersey corporation with a principal place of business in Edison, Middlesex County, New Jersey and is a citizen of New Jersey.

33. "Minimal diversity" exists because plaintiff Richard Alonzo and defendant are citizens of different states.

34. Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

35. Venue is proper in this because a substantial part of the events or omissions giving rise to the claim occurred here.

36. Venue is further supported because many class members reside in this District.

### Parties

37. Plaintiff Richard Alonzo is a citizen of New York, New York County, New York.

38. Defendant William Grant & Sons, Inc. is a New Jersey corporation with a principal place of business in Edison, New Jersey, Middlesex County.

39. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within his district and/or State in reliance on the representations of the Product.

40. Plaintiff bought the Product on one or more occasions at one or more locations, including Astor Wines & Spirits, 399 Lafayette St, New York, NY 10003, between 2019 and present.

41. Plaintiff bought the Product at or exceeding the above-referenced price because he liked the product for its intended use and consumption and relied upon the representations and the impression conveyed as to the Product's age.

42. Plaintiff would not have purchased the Product in the absence of Defendant's

misrepresentations and omissions.

43. The Product was worth less than what Plaintiff paid for it and he would not have paid as much absent Defendant's false and misleading statements and omissions.

44. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labeling is consistent with its composition.

## Class Allegations

45. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

46. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

47. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

48. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

49. Plaintiff is an adequate representative because his interests do not conflict with other members.

50. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

51. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

52. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

53. Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350
### (Consumer Protection Statutes)

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Plaintiff and class members desired to purchase a product which was 18 years old and understood the number 18 and "Slow Aged" to refer to a statement of age, even if it did not explicitly state this.

56. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

57. Defendant misrepresented the Product through its statements, omissions, ambiguities and actions.

58. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Defendant misrepresented the Product by giving consumers the impression it was aged longer than it was.

61. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

62. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

63. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

64. Plaintiff and class members would not have purchased the Product or paid as much

if the true facts had been known, suffering damages.

## Fraud

65. Plaintiff incorporates by reference all preceding paragraphs.

66. Defendant misrepresented the attributes and qualities of the Product.

67. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product's age based on the age of the youngest rum used, when it knew not doing so would mislead consumers.

68. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   December 27, 2020

                    Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-10937
United States District Court
Southern District of New York

Richard Alonzo, individually and on behalf of all others similarly situated,

                            Plaintiff,

   - against -

William Grant & Sons, Inc.,

                            Defendant

Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: December 27, 2020

                                                              /s/ Spencer Sheehan
                                                              Spencer Sheehan